WITHDRAWN 2/6/14



# IN THE
# TENTH COURT OF APPEALS

### No. 10-13-00283-CV

**WILLIE ATKINS,**

                                                                        **Appellant**

 **v.**

**ROBERT HERRERA, ET AL.**

                                                                        **Appellee**

———————————

**From the 12th District Court**
**Walker County, Texas**
**Trial Court No. 26498**

### No. 10-13-00284-CV

**WILLIE ATKINS,**

                                                                        **Appellant**

 **v.**

**BRAD LIVINGSTON, ET AL.**

                                                                        **Appellee**

———————————

**From the 12th District Court**
**Walker County, Texas**
**Trial Court No. 26530**

## MEMORANDUM OPINION

Willie Atkins, an inmate, appeals the trial court's orders dismissing his two lawsuits as frivolous and for failure to comply with Chapter 14 of the Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. ch. 14 (West 2002 and Supp. 2012). In each of these appeals, Atkins has filed an affidavit (declaration) of indigency with a certified copy of his inmate account statement.

Effective January 1, 2012, Chapter 14 was amended to apply to *an action*, including *an appeal or an original proceeding*, brought by an inmate in a district, county, justice of the peace, or small claims court, *or an appellate court* in which an affidavit of indigence is also filed. TEX. CIV. PRAC. & REM. CODE ANN. § 14.002(a) (West Supp. 2012) (emphasis added); *Douglas v. Turner*, ___ S.W.3d ___, ___, 2013 WL 2245653, at *1 (Tex. App.—Waco May 9, 2013, no pet. h.). Chapter 14's requirements thus apply when an inmate files an appeal or an original proceeding. *Douglas*, ___ S.W.3d at ___, 2013 WL 2245653, at *1.

Section 14.004(a) requires the inmate to file an affidavit or declaration "relating to previous filings" in which the inmate must detail all previous actions filed pro se, other than a suit under the Family Code, accompanied by a certified copy of the inmate's account statement. TEX. CIV. PRAC. & REM. CODE ANN. § 14.004(a) (West Supp. 2012). The statement must "reflect the balance of the account at the time the claim is filed and activity in the account during the six months preceding the date on which the claim is

filed." *Id.* § 14.004(c); § 14.006(f) (West 2002). The filings required by chapter 14 are "an essential part of the process by which courts review inmate litigation." *Douglas*, ___ S.W.3d at ___, 2013 WL 2245653, at *1 (citing *Hickson v. Moya*, 926 S.W.2d 397, 399 (Tex. App.—Waco 1996, no writ)).

The failure to file the affidavit or declaration "relating to previous filings" can result in dismissal without notice or hearing. *Id.* (citing *Amir-Sharif v. Mason*, 243 S.W.3d 854, 857 (Tex. App.—Dallas 2008, no pet.); *Thompson v. Rodriguez*, 99 S.W.3d 328, 329-30 (Tex. App.—Texarkana 2003, no pet.); and *Jackson v. Tex. Dep't of Crim. Just.*, 28 S.W.3d 811, 814 (Tex. App.—Corpus Christi 2000, pet. denied)). Furthermore, when the inmate fails to comply with the affidavit requirements, the court may assume that the current action is substantially similar to one previously filed by the inmate and is thus frivolous. *Id.* (citing *Altschul v. TDCJ - Inmate Trust Fund Div.*, No. 10-11-00084-CV, 2012 WL 851681, at *1, 2012 Tex. App. LEXIS 2025, *3 (Tex. App.—Waco Mar. 14, 2012, pet. denied) (mem. op.); *Bell v. Tex. Dep't of Crim. Just.*, 962 S.W.2d 156, 158 (Tex. App.—Houston [14th Dist.] 1998, pet. denied)).

In these two appeals, Atkins did not file an affidavit or declaration "relating to previous filings." We thus dismiss as frivolous these appeals without notice.[1] *Id.*, ___ S.W.3d at ___, 2013 WL 2245653, at *2; *see also Hickman v. Tex. Dep't of Crim. Just.*, No. 13-

---

[1] A motion for rehearing may be filed within 15 days after the judgment or order of this Court is rendered. TEX. R. APP. P. 49.1. If the appellant desires to have the decision of this Court reviewed by the Texas Supreme Court, a petition for review must be filed with the Texas Supreme Court clerk within 45 days after either the date the court of appeals' judgment was rendered or the date the last ruling on all timely motions for rehearing was made by the court of appeals. TEX. R. APP. P. 53.7(a).

12-00437-CV, 2013 WL 3770916, at *3 (Tex. App.—Corpus Christi July 18, 2013, no pet.

h.) (mem. op.)

REX D. DAVIS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Appeal dismissed as frivolous
Opinion delivered and filed October 3, 2013
[CV06]