

**IN THE**
**TENTH COURT OF APPEALS**

_____

**No. 10-13-00031-CV**

**RALPH O. DOUGLAS,**

Appellant

 **v.**

**WILLIAM TURNER,**

Appellee

_____

**From the 12th District Court**
**Walker County, Texas**
**Trial Court No. 26268**

_____

# O P I N I O N

_____

Ralph O. Douglas, a prison inmate, appeals the trial court's order dismissing his lawsuit with prejudice and finding Douglas to be a vexatious litigant, subjecting him to a statewide "prefiling" order.  An affidavit of indigence was filed with the trial court the same day as Douglas' notice of appeal.  We dismiss the appeal as frivolous.

### CHAPTER 14

Effective January 1, 2012, Chapter 14 of the Civil Practice and Remedies Code, the chapter regarding inmate litigation, was amended to apply to *an action*, including

*an appeal or an original proceeding*, brought by an inmate in a district, county, justice of the peace, or small claims court, *or an appellate court* in which an affidavit of indigence is also filed. TEX. CIV. PRAC. & REM. CODE ANN. § 14.002 (West Supp. 2012) (emphasis added to reflect changes). This means that the requirements of Chapter 14 apply when inmates file an appeal or an original proceeding in the appellate court the same as when they file actions in the district, county, and justice courts. We referenced the future applicability of Chapter 14 requirements to actions filed in the court of appeals in *Altschul v. TDCJ - Inmate Trust Fund Div.*, 2012 Tex. App. LEXIS 2025, *3 (Tex. App.—Waco Mar. 14, 2012, pet. denied) ("Section 14.002 has also been amended to make clear that such an affidavit is also required if the new action is filed in a court of appeals."). Three other courts have noted the change in the statute. *See Lackey v. Green*, No. 12-11-00209-CV, 2012 Tex. App. LEXIS 6496, *4, n. 4 (Tex. App.—Tyler Aug. 8, 2012, pet. denied) (mem. op.); *Bonner v. Austin*, No. 01-09-01059-CV, 2012 Tex. App. LEXIS 6028, *2, n. 1 (Tex. App.—Houston [1st Dist.] July 24, 2012, order) (not designated for publication); *Hills v. Bell County Law Enforcement Ctr.*, No. 03-11-00482-CV, No. 03-11-00487-CV, 2012 Tex. App. LEXIS 2128, *3, n. 4 (Tex. App.—Austin Mar. 15, 2012, pet. denied) (mem. op.).

Chapter 14 requires the inmate to file an affidavit or declaration "relating to previous filings" in which the inmate must detail all previous actions filed pro se, other than a suit under the Family Code. TEX. CIV. PRAC. & REM. CODE ANN. § 14.004(a) (West Supp. 2012); *Amir-Sharif v. Mason*, 243 S.W.3d 854, 857 (Tex. App.—Dallas 2008, no pet.).

In addition, the inmate is required to file a certified copy of his "inmate trust account statement"[1] that "reflect[s] the balance of the account at the time the claim is filed and activity in the account during the six months preceding the date on which the claim is filed." TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.004(c) (West Supp. 2012); 14.006(f) (West 2002); *Amir-Sharif*, 243 S.W.3d at 857. The filings required under chapter 14 are "an essential part of the process by which courts review inmate litigation." *Hickson v. Moya*, 926 S.W.2d 397, 399 (Tex. App.—Waco 1996, no writ).

The failure to file the affidavit with the required information or the inmate account statement can result in dismissal without notice or hearing. *Amir-Sharif*, 243 S.W.3d at 85; *Thompson v. Rodriguez*, 99 S.W.3d 328, 329-30 (Tex. App.—Texarkana 2003, no pet.); *Jackson v. Tex. Dep't of Criminal Justice*, 28 S.W.3d 811, 814 (Tex. App.—Corpus Christi 2000, pet. denied) (reviewing several cases dismissing inmate litigation for failure to comply fully with the affidavit requirement.). Further, when an inmate fails to comply with the affidavit requirements, the trial court may assume that the current action is substantially similar to one previously filed by an inmate and thus is frivolous. *Altschul v. TDCJ - Inmate Trust Fund Div.*, 2012 Tex. App. LEXIS 2025, *3 (Tex. App.—Waco Mar. 14, 2012, pet. denied); *Bell v. Tex. Dep't of Criminal Justice*, 962 S.W.2d 156, 158

---

[1] Courts and parties have frequently referred to inmate accounts as inmate "trust" accounts. The term "trust" has been removed from their statutory references. Act of 1989, 71st Leg., ch. 212, § 2.01, eff. Sept. 1, 1989, amended by Act of 1999, 76th Leg., ch. 62, § 8.10, 19.02(8), eff. Sept. 1, 1999 (current version at TEX. GOV'T CODE ANN. § 501.014 (West 2012)). They are simply inmate accounts. While there may be a custodial relationship between the Department and the inmate as to the money in the account, an issue not decided by us today, there is certainly no trustee/beneficiary relationship wherein the Department is burdened with all the duties of a trustee with regard to the inmate's money.

(Tex. App.—Houston [14th Dist.] 1998, pet. denied). As a case of first impression applying the new amendments to a proceeding filed in the appellate courts, we see no reason why this caselaw interpreting the Chapter 14 requirements as they applied to actions filed in trial courts should not also now apply to actions filed in an appellate court.

In this action, Douglas did not file an affidavit of previous filings or a certified copy of his inmate "trust" account with his notice of appeal. Because the requirements of Chapter 14 now apply to inmate proceedings in the courts of appeals, caselaw permits us to dismiss Douglas' appeal without notice.

**CONCLUSION**

Because Douglas did not comply with the Chapter 14 affidavit requirements, we dismiss this appeal as frivolous.

Douglas' motion for extension of time to file his brief is dismissed as moot.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Appeal dismissed as frivolous
Opinion delivered and filed May 9, 2013
[CV06]