# NO. 12-13-00152-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DANNY DALE WEISINGER, SR.,*<br>*APPELLANT* | § | *APPEAL FROM THE 349TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *HOUSTON COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Danny Dale Weisinger, Sr., a prison inmate, appeals the trial court's "Order Denying Motion To Recover Funds." We dismiss the appeal.

### CHAPTER 14

Chapter 14 of the Texas Civil Practice and Remedies Code applies to inmate litigation when the inmate files an affidavit or unsworn declaration of inability to pay costs. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.002(a) (West Supp. 2012). Effective January 1, 2012, Chapter 14 was amended to apply to "an action, including an appeal or original proceeding, brought by an inmate in . . . an appellate court, in which an affidavit or unsworn declaration of inability to pay costs is filed by the inmate." *Id*. Accordingly, the requirements of Chapter 14 that previously applied only to inmate litigation in the district, county, justice of the peace, and small claims courts now apply when inmates file an appeal or an original proceeding in an appellate court. *See id*.; ***Douglas v. Turner***, No. 10-13-00031-CV, 2013 WL 2245653, at *1 (Tex. App.–Waco May 9, 2013, no pet.) (op., not yet released for publication).

Chapter 14 requires that an inmate's affidavit or unsworn declaration of inability to pay costs be accompanied by a certified copy of the inmate's trust account statement. TEX. CIV.

PRAC. & REM. CODE ANN. § 14.004(a), (c) (West Supp. 2012). When an inmate files an appeal or original proceeding in an appellate court, this statement must reflect the balance of the trust account at the time the appeal or original proceeding was filed and the activity in the account during the six months preceding the filing date. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.001(1) (West 2002), 14.002(a) (West Supp. 2012), 14.006(f) (West 2002). An appeal or original proceeding may be dismissed if the allegation of indigency in the affidavit or unsworn declaration is false. *See id*. § 14.003(a)(1) (West 2002).

## CLAIM OF INDIGENCY

After filing his notice of appeal in the trial court, Weisinger filed a "Declaration of Indigency" in this court. In this declaration, which he signed on June 19, 2013, Weisinger stated that he had no source of income or spousal income, that he currently had "$00000.09 Cents" credited to him in his inmate trust account, and that he had received "approximately $20 – 45 dollars per month as gifts from relatives or friends." Additionally, he filed a preprinted form "Application to Proceed In Forma Pauperis" in which he answered various questions pertaining to his financial status. In this document, which he signed on June 21, 2013, Weisinger declared that within the last twelve months, he had received money from family or friends, and no other source. He declared further that the amount he received "from each during the past twelve months" was "20-40 Dollars," and that he did not own cash or have money in a checking or savings account, including any funds in prison accounts.

Weisinger also filed a trust account statement as required by Chapter 14. That statement shows the following:

| Month | Highest Balance | Deposits |
|---|---|---|
| 12/12 | $185.30 | $100.00 |
| 01/13 | 185.30 | 100.00 |
| 02/13 | 169.45 | 0.00 |
| 03/13 | 235.30 | 150.00 |
| 04/13 | 185.30 | 100.00 |
| 05/13 | 174.70 | 0.00 |

From this information, it is apparent that Weisinger had money in his trust account during the relevant time period. Therefore, he is not considered indigent. *See **McClain v. Terry***, 320

S.W.3d 394, 397 (Tex. App.–El Paso 2010, no pet.) (holding that an inmate who has money in his trust account is not indigent) (citing **Allred v. Lowry**, 597 S.W.2d 353, 355 (Tex. 1980)). Consequently, Weisinger's allegations of indigency are false, and we are permitted to dismiss his appeal without notice. *See* **Skinner v. Tex. Dep't of Criminal Justice–Correctional Institutions Div.**, No. 12-12-00091-CV, 2013 WL 543452, at *3 (Tex. App.–Tyler Feb. 13, 2013, no pet.) (mem. op.) (holding that trial court did not abuse its discretion in dismissing suit filed by inmate who made false allegation of indigency in declaration of inability to pay costs); *see also* **Douglas**, 2013 WL 2245653, at *2 (holding that case law interpreting Chapter 14 requirements as they applied to trial courts should now apply to actions filed in appellate court).

### DISPOSITION

Because Weisinger filed a false allegation of indigency in his Declaration of Indigency and his Application to Proceed In Forma Pauperis, we ***dismiss*** the appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. 14.003(a)(1). All pending motions are overruled as moot.

**SAM GRIFFITH**
Justice

Opinion delivered July 31, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

# COURT OF APPEALS
# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS
# JUDGMENT

**JULY 31, 2013**

**NO. 12-13-00152-CV**

**DANNY DALE WEISINGER, SR.**,

Appellant

V.

**THE STATE OF TEXAS**,

Appellee

---

Appeal from the 349th Judicial District Court
of Houston County, Texas. (Tr.Ct.No. 03CR-035

---

THIS CAUSE came to be heard on the appellate record; and the same being considered, it is the opinion of this court that this appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this court that this appeal be, and the same is, hereby **dismissed**; and that this decision be certified to the court below for observance.

Sam Griffith, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*