**Dismissed and Memorandum Opinion filed January 16, 2014.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-13-00929-CV

---

### LARRY RAY SWEARINGEN, Appellant

### V.

### JOYE M. CARTER, M.D., Appellee

---

**On Appeal from the 55th District Court
Harris County, Texas
Trial Court Cause No. 2012-51728**

---

## M E M O R A N D U M   O P I N I O N

Appellant Larry Ray Swearingen, an inmate incarcerated in the Polunsky Unit of the Texas Department of Criminal Justice, challenges the trial court's dismissal of his civil action against appellee, Joye M. Carter, M.D. Because we conclude that appellant failed to comply with the requirements of Chapter 14 of the Texas Civil Practice and Remedies Code on appeal, we dismiss his appeal.

## BACKGROUND

On September 30, 2013, the trial court dismissed appellant's case below for want of prosecution. Appellant filed a timely notice of appeal on October 16, 2013. On November 1, 2013, appellant filed an affidavit of indigence in this court. The Harris County District Clerk filed a timely contest to appellant's affidavit of indigence, which was referred to the trial court. *See* Tex. R. App. P. 20.1(h)(4). The District Clerk maintained that appellant's affidavit of indigence was deficient in that it did not comply with section 14.004 of the Texas Civil Practice and Remedies Code. Specifically, the District Clerk alleges the affidavit failed to comply with section 14.004(a), which states:

> An inmate who files an affidavit or unsworn declaration of inability to pay costs shall file a separate affidavit or declaration (1) identifying each suit, other than a suit under the Family Code, previously brought by the person and in which the person was not represented by an attorney, without regard to whether the person was an inmate at the time the suit was brought; and (2) describing each suit that was previously brought by (A) stating the operative facts for which relief was sought; (B) listing the case name, cause number, and the court in which the suit was brought; (C) identifying each party named in the suit; and (D) stating the result of the suit, including whether the suit was dismissed as frivolous or malicious under Section 13.001 or Section 14.003 or otherwise.

The District Clerk further alleged that appellant's affidavit failed to comply with section 14.004(c), which requires that the affidavit must be accompanied by a certified copy of the inmate's trust account statement. On November 20, 2013, the trial court signed an order sustaining the District Clerk's contest to appellant's affidavit of indigence.

## ANALYSIS

Chapter 14 of the Texas Civil Practice and Remedies Code governs inmate

litigation when the inmate claims inability to pay costs. In its 2011 session, the Texas Legislature amended Chapter 14; the amendments to Chapter 14 became effective January 1, 2012. As amended, Chapter 14 now applies to "an action, including an appeal or original proceeding, brought by an inmate in a district, county, justice of the peace, or small claims court or an appellate court, including the supreme court or the court of criminal appeals, in which an affidavit or unsworn declaration of inability to pay costs is filed by the inmate." Tex. Civ. Prac. & Rem. Code Ann. § 14.002(a) (West Supp. 2013). "This means that the requirements of Chapter 14 apply when inmates file an appeal or an original proceeding in the appellate court the same as when they file actions in the district, county, and justice courts." *Douglas v. Moffett*, —S.W.3d—, — 14-12-00321-CV, 2013 WL 6237255, at *1 (Tex. App.—Houston [14th Dist.] Dec. 3, 2013, no pet. h.) *quoting Douglas v. Turner*, —S.W.3d—, —, 2013 WL 2245653, at * 1 (Tex. App.—Waco May 9, 2013, no pet.). *See also Hickman v. Tex. Dep't of Criminal Justice*, No. 13–12–00437–CV, 2013 WL 3770916, at *2 (Tex. App.—Corpus Christi July 18, 2013, no pet.) (mem. op.).

When an inmate litigant files an affidavit or unsworn declaration of inability to pay costs, Chapter 14 requires the inmate to file an additional affidavit or declaration setting forth specific details on all previous actions filed pro se, other than a suit brought under the Texas Family Code. Tex. Civ. Prac. & Rem. Code Ann. § 14.004(a); *Moffett*, 2013 WL 6237255 at *2. The inmate must also file with this affidavit or declaration a "certified copy of the inmate's trust account statement" that "reflect[s] the balance of the account at the time the claim is filed and activity in the account during the six months preceding the date on which the claim is filed." Tex. Civ. Prac. & Rem. Code Ann. § 14.004(c), § 14.006(f); *see Jaxson v. Morgan*, No. 14–04–00785–CV, 2006 WL 914199, at *2 (Tex. App.—

3

Houston [14th Dist.] Apr. 6, 2006, no pet.) (mem. op.).

Because the inmate's list of previous filings and trust account balance may change between the time the suit and appeal are brought, we have concluded, as other courts of appeals have, that the decisions interpreting these requirements of Chapter 14 at the trial court stage generally apply to appeals and original proceedings brought in an appellate court on or after January 1, 2012. *Moffett*, 2013 WL 6237255 at *3; *see also* Tex. Civ. Prac. & Rem. Code Ann. § 14.002(a); *Atkins v. Herrera*, Nos. 10–13–00283–CV, 10–13–00284–CV, 2013 WL 5526233, at * 1 (Tex. App.—Waco Oct. 3, 2013, no pet.) (mem. op.); *Weisinger v. State*, No. 12-13-00152-CV, 2013 WL 3967659, at * 1 (Tex. App.—Tyler July 31, 2013, no pet.); *Hickman*, 2013 WL 3770916, at * 2; *Turner*, 2013 WL 2245653, at * 2. We therefore apply the decisions cited above to determine whether appellant complied with Chapter 14.

Appellant filed his notice of appeal and an accompanying affidavit of indigence. But appellant did not file on appeal either (1) the required additional affidavit or unsworn declaration of previous filings, or (2) a certified copy of his inmate trust account statement showing the balance at the time the appeal was filed and account activity during the six preceding months. Tex. Civ. Prac. & Rem. Code Ann. §§ 14.002(a), 14.004(a), 14.004(c), § 14 .006(f); *see also Weisinger*, 2013 WL 3967659, at * 1 (discussing requirements for trust account statement when inmate files appeal).

On December 30, 2013, notification was transmitted to all parties of the court's intention to dismiss the appeal. *See* Tex. R. App. P. 42.3(a). Appellant filed no response.

Because the requirements of Chapter 14 of the Texas Civil Practice and Remedies Code now apply to inmate proceedings in appellate courts, and appellant

did not comply with those requirements on appeal, we dismiss his appeal. *see Moffett*, 2013 WL 6237255 at *4.

PER CURIAM

Panel consists of Justices Boyce, Christopher, and Brown.