**Dismissed and Memorandum Opinion filed February 6, 2014.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-13-00594-CV

_____

## KENNETH L.  HILL, Appellant

## V.

## TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTE DIVISION, MICHAEL EDISON AND SHAWN JOINER, Appellees

On Appeal from the 434th Judicial District Court
Fort Bend County, Texas
Trial Court Cause No. 12-DCV-201622

## M E M O R A N D U M   O P I N I O N

Appellant Kenneth L. Hill, an inmate incarcerated in the Jester III Unit of the Texas Department of Criminal Justice, challenges the trial court's dismissal of his civil action against appellees Texas Department of Criminal Justice, Correctional Institute Division, Michael Edison, and Shawn Joiner.  Because we

conclude that appellant failed to comply with the requirements of Chapter 14 of the Texas Civil Practice and Remedies Code on appeal, we dismiss his appeal.

On June 29, 2013, the trial court dismissed appellant's case below for want of jurisdiction. Appellant filed a notice of appeal on June 25, 2013. On August 14, 2013, appellant filed an affidavit of indigence in this court.

Chapter 14 of the Texas Civil Practice and Remedies Code governs inmate litigation when the inmate claims inability to pay costs. In its 2011 session, the Texas Legislature amended Chapter 14; the amendments to Chapter 14 became effective January 1, 2012. As amended, Chapter 14 now applies to "an action, including an appeal or original proceeding, brought by an inmate in a district, county, justice of the peace, or small claims court or an appellate court, including the supreme court or the court of criminal appeals, in which an affidavit or unsworn declaration of inability to pay costs is filed by the inmate." Tex. Civ. Prac. & Rem. Code Ann. § 14.002(a) (West Supp. 2013). "This means that the requirements of Chapter 14 apply when inmates file an appeal or an original proceeding in the appellate court the same as when they file actions in the district, county, and justice courts." *Douglas v. Moffett*, —S.W.3d—, — 14-12-00321-CV, 2013 WL 6237255, at *1 (Tex. App.—Houston [14th Dist.] Dec. 3, 2013, no pet. h.) *quoting Douglas v. Turner*, —S.W.3d—, —, 2013 WL 2245653, at * 1 (Tex. App.—Waco May 9, 2013, no pet.). *See also Hickman v. Tex. Dep't of Criminal Justice*, No. 13–12–00437–CV, 2013 WL 3770916, at *2 (Tex. App.—Corpus Christi July 18, 2013, no pet.) (mem. op.).

When an inmate litigant files an affidavit or unsworn declaration of inability to pay costs, Chapter 14 requires the inmate to file an additional affidavit or declaration setting forth specific details on all previous actions filed pro se, other than a suit brought under the Texas Family Code. Tex. Civ. Prac. & Rem. Code

Ann. § 14.004(a)[1]; *Moffett*, 2013 WL 6237255 at *2. Because the inmate's list of previous filings and trust account balance may change between the time the suit and appeal are brought, we have concluded, as other courts of appeals have, that the decisions interpreting these requirements of Chapter 14 at the trial court stage generally apply to appeals and original proceedings brought in an appellate court on or after January 1, 2012. *Moffett*, 2013 WL 6237255 at *3; *see also* Tex. Civ. Prac. & Rem. Code Ann. § 14.002(a); *Atkins v. Herrera*, Nos. 10–13–00283–CV, 10–13–00284–CV, 2013 WL 5526233, at * 1 (Tex. App.—Waco Oct. 3, 2013, no pet.) (mem. op.); *Weisinger v. State*, No. 12-13-00152-CV, 2013 WL 3967659, at * 1 (Tex. App.—Tyler July 31, 2013, no pet.); *Hickman*, 2013 WL 3770916, at * 2; *Turner*, 2013 WL 2245653, at * 2. We therefore apply the decisions cited above to determine whether appellant complied with Chapter 14.

Appellant filed his notice of appeal and an accompanying affidavit of indigence. But appellant did not file on appeal the required additional affidavit or unsworn declaration of previous filings. Tex. Civ. Prac. & Rem. Code Ann. §§ 14.002(a) and 14.004(a).

On January 14, 2014, notification was transmitted to all parties of the court's intention to dismiss the appeal. *See* Tex. R. App. P. 42.3(a). Appellant filed

---

[1] Section 14.004(a) states:

An inmate who files an affidavit or unsworn declaration of inability to pay costs shall file a separate affidavit or declaration (1) identifying each suit, other than a suit under the Family Code, previously brought by the person and in which the person was not represented by an attorney, without regard to whether the person was an inmate at the time the suit was brought; and (2) describing each suit that was previously brought by (A) stating the operative facts for which relief was sought; (B) listing the case name, cause number, and the court in which the suit was brought; (C) identifying each party named in the suit; and (D) stating the result of the suit, including whether the suit was dismissed as frivolous or malicious under Section 13.001 or Section 14.003 or otherwise.

another copy of his brief but no response showing meritorious ground for continuing the appeal.

Because the requirements of Chapter 14 of the Texas Civil Practice and Remedies Code now apply to inmate proceedings in appellate courts, and appellant did not comply with those requirements on appeal, we dismiss his appeal. *See Moffett*, 2013 WL 6237255 at \*4.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Jamison and Wise.