

# IN THE
# TENTH COURT OF APPEALS

### No. 10-12-00125-CV

GLENN RAY MACKS,

                                                                        Appellant

 v.

JOYCE GUERRA AND
SHARON CRAWFORD,

                                                                        Appellees

From the 278th District Court
Walker County, Texas
Trial Court No. 25,873

## MEMORANDUM  OPINION

Appellant Glenn Ray Macks, a state-prison inmate in the Ellis Unit, sued Joyce Guerra, a TDCJ unit grievance investigator, and Sharon (or Shanta) Crawford, a TDCJ medical administrator.  After the Office of the Attorney General (OAG) filed an amicus curiae advisory that asserted that Macks had not complied with Chapter 14 of the Civil Practice and Remedies Code and that his claims were frivolous, the trial court dismissed Macks's suit as frivolous for failure to comply with Chapter 14.

Macks appeals, asserting four issues. His notice of appeal was filed on April 23, 2012. Effective January 1, 2012, Chapter 14 was amended to apply to **an action**, including **an appeal or an original proceeding**, brought by an inmate in a district, county, justice of the peace, or small claims court, **or an appellate court** in which an affidavit of indigence is also filed. TEX. CIV. PRAC. & REM. CODE ANN. § 14.002(a) (West Supp. 2013) (emphasis added); *Douglas v. Turner,* ___ S.W.3d ___, ___, 2013 WL 2245653, at *1 (Tex. App.—Waco May 9, 2013, no pet.). Chapter 14's requirements thus apply when an inmate files an appeal or an original proceeding. *Douglas,* ___ S.W.3d at ___, 2013 WL 2245653, at *1.

Section 14.004(a) requires the inmate to file an affidavit or declaration "relating to previous filings" in which the inmate must detail all previous actions filed pro se, other than a suit under the Family Code, accompanied by a certified copy of the inmate's account statement. TEX. CIV. PRAC. & REM. CODE ANN. § 14.004(a), (c) (West Supp. 2013). The statement must "reflect the balance of the account at the time the claim is filed and activity in the account during the six months preceding the date on which the claim is filed."[1] *Id.* § 14.006(f) (West 2002). The filings required by chapter 14 are "an essential part of the process by which courts review inmate litigation." *Douglas,* ___ S.W.3d at ___, 2013 WL 2245653, at *1 (quoting *Hickson v. Moya*, 926 S.W.2d 397, 399 (Tex. App.—Waco 1996, no writ)).

---

[1] In conjunction with filing his notice of appeal, Macks filed an indigence affidavit and a certified copy of his inmate account statement, which is in the clerk's record. Macks substantially complied with subsection 14.004(c). *See Washington v. Tex. Dep't of Crim. Just.,* No. 10-04-00253-CV, 2005 WL 1484037, at *3 (Tex. App.—Waco June 22, 2005, no pet.) ("An inmate may "substantially" comply with section 14.004 to avoid dismissal.").

The failure to file the affidavit or declaration "relating to previous filings" can result in dismissal without notice or hearing.  *Id.*  Furthermore, when the inmate fails to comply with the affidavit requirements, the court may assume that the current action is substantially similar to one previously filed by the inmate and is thus frivolous.  *Id.*

In this appeal, Macks did not file an affidavit or declaration "relating to previous filings."  We thus dismiss as frivolous this appeal.[2]  *Id.*, ___ S.W.3d at ___, 2013 WL 2245653, at *2 (dismissing appeal without notice).


REX D. DAVIS
Justice

Before Chief Justice Gray,
       Justice Davis, and
       Justice Scoggins
Dismissed
Opinion delivered and filed June 19, 2014
[CV06]

---

[2] A motion for rehearing may be filed within 15 days after the judgment or order of this Court is rendered.  TEX. R. APP. P. 49.1.  If the appellant desires to have the decision of this Court reviewed by the Texas Supreme Court, a petition for review must be filed with the Texas Supreme Court clerk within 45 days after either the date the court of appeals' judgment was rendered or the date the last ruling on all timely motions for rehearing was made by the court of appeals.  TEX. R. APP. P. 53.7(a).