IN THE
 TENTH COURT OF APPEALS
 center10985500
 No. 10-14-00191-CV
 
BRENT ALAN MCLEAN,
 Appellant
 V.

BRAD LIVINGSTON, ET AL.,
 Appellee
 
 center-4254500
 From the 18th District Court
 Johnson County, Texas
 Trial Court No. C201400101
 
--------------------------------------------------------------------------------
2MEMORANDUM OPINION
 
Appellant Brent Alan McLean, a state-prison inmate, appeals the dismissal of his suit. He filed an affidavit of inability to pay costs with his notice of appeal.
Effective January 1, 2012, Chapter 14 was amended to apply to an action, including an appeal or an original proceeding, brought by an inmate in a district, county, justice of the peace, or small claims court, or an appellate court in which an affidavit of indigence is also filed. Tex. Civ. Prac. & Rem. Code Ann. § 14.002(a) (West Supp. 2013) (emphasis added); Douglas v. Turner, ___ S.W.3d ___, ___, 2013 WL 2245653, at *1 (Tex. App. -- Waco May 9, 2013, no pet.). Chapter 14's requirements thus apply when an inmate files an appeal or an original proceeding in an appellate court. Douglas, ___ S.W.3d at ___, 2013 WL 2245653, at *1. 
 Section 14.004(a) requires the inmate to file an affidavit or declaration "relating to previous filings" in which the inmate must detail all previous actions filed pro se, other than a suit under the Family Code, accompanied by a certified copy of the inmate's account statement. Tex. Civ. Prac. & Rem. Code Ann. § 14.004(a), (c) (West Supp. 2013). The statement must "reflect the balance of the account at the time the claim is filed and activity in the account during the six months preceding the date on which the claim is filed." Id. 14.006(f) (West 2002). 
The filings required by Chapter 14 are "an essential part of the process by which courts review inmate litigation." Douglas, ___ S.W.3d at ___, 2013 WL 2245653, at *1 (quoting Hickson v. Moya, 926 S.W.2d 397, 399 (Tex. App. -- Waco 1996, no writ)). The failure to file the affidavit or declaration "relating to previous filings" can result in dismissal without notice or hearing. Id. Furthermore, when the inmate fails to comply with the affidavit requirements, the court may assume that the current action is substantially similar to one previously filed by the inmate and is thus frivolous. Id. 
 In this appeal, McLean did not file an affidavit or declaration "relating to previous filings" or a certified copy of his inmate account statement. We thus dismiss as frivolous this appeal. Id., ___ S.W.3d at ___, 2013 WL 2245653, at *2 (dismissing appeal without notice).

REX D. DAVIS
Justice

Before Chief Justice Gray,
 Justice Davis, and 
Justice Scoggins
Dismissed
Opinion delivered and filed July 17, 2014
[CV06]