

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-14-00102-CV

## EX PARTE N.C.

_____

**From the 12th District Court**
**Walker County**
**Trial Court No. 26744**

_____

## No. 10-14-00153-CV

## IN RE ALVIE ROBINSON

_____

## Original Proceeding

_____

## No. 10-14-00191-CV

**BRENT ALAN MCLEAN,**                                   **Appellant**
 **v.**
**BRAD LIVINGSTON, ET AL,**                              **Appellee**

_____

**From the 18th District Court**
**Johnson County, Texas**
**Trial Court No. C201400101**

_____

## OPINION ON REHEARING

_____

A motion for rehearing has been filed in each of these three proceedings. Each

person who filed each of the three proceedings is an indigent inmate representing

himself in the proceeding. Each proceeding was summarily dismissed because the inmate failed to comply with the basic requirements of Texas Civil Practice and Remedies Code Chapter 14 to file the proceeding. In this opinion on rehearing, we address the issue of whether we should reinstate each proceeding and thus circumvent the purpose of the statute. We deny each motion for rehearing.

In a special session in 2011, the legislature passed, and the Governor signed, a bill with the caption: "AN ACT relating to fiscal and other matters necessary for implementation of the judiciary budget as enacted by H.B. No. 1, Acts of the 82nd Legislature, Regular Session, 2011, and to the operation and administration of, and practice and procedures in courts in, the judicial branch of state government." Acts 2011, 82nd Leg., 1st C.S., ch. 3 (H.B. 79), § 12.01 (effective January 1, 2012). As indicated by the caption, the bill included provisions that were designed to have an impact on the cost of operating the judicial branch. Included in that bill was a provision that clearly and specifically added proceedings filed in the appellate courts to the litigation being filed by inmates which would be summarily dismissed by the appellate court if the inmate failed to comply with the requirements of Chapter 14 of the Texas Civil Practice and Remedies Code. The bill became effective on January 1, 2012. *See* Acts 2011, 82nd Leg., 1st C.S., ch. 3 (H.B. 79), § 12.01 (effective January 1, 2012).

After the change in the statute occurred but prior to its effective date, we endeavored to warn the inmate population of this statutory change. *See Altschul v. TDCJ - Inmate Trust Fund Div.*, No. 10-11-00084-CV, 2012 Tex. App. LEXIS 2025, *3 (Tex.

App.—Waco Mar. 14, 2012, pet. denied) (mem. op.) ("Section 14.002 has also been amended to make clear that such an affidavit is also required if the new action is filed in a court of appeals."). After a period of time, we began to dismiss proceedings without notice and opportunity to cure the defect, *see Douglass v. Turner*, 441 S.W.3d 337 (Tex. App.—Waco 2013, no pet.); but later added a footnote explaining that a motion for rehearing or a petition for review could be filed and specified the timetable for doing either. *See Reed v. Ford*, No. 10-13-00279-CV, 2013 Tex. App. LEXIS 11888 (Tex. App.— Waco Sept. 19, 2013, no pet.) (mem. op.). During this extended time period, we would grant the motion for rehearing and reinstate the appeal if the inmate corrected the deficiency at the time the motion for rehearing was filed. *See e.g. Atkins v. Herrera*, Nos. 10-13-00283-CV & 10-13-00284-CV, 2013 Tex. App. LEXIS 12385 (Tex. App.—Waco Oct. 3, 2013) (mem. op.) (withdrawn by order issued Feb. 6, 2014) (not designated for publication).

We took these steps during the first three years of implementing this statutory amendment to allow news of the change to be more widely disseminated within the inmate population. Maybe we were wrong to be so lax when the purpose of the amended legislation was to prevent the expenditure of scarce judicial resources on frivolous proceedings filed by inmates, thus allowing the appellate courts to focus limited resources on proceedings that merited review, including those filed by other inmates who had fulfilled the minimal statutory requirements to file a proceeding in the appellate court.

We have expended judicial resources during this lengthy implementation period that were not required to be expended under a straight forward application of the statute. The statute is not difficult for an inmate to comply with. These same procedures have been required in trial courts since 1995. Nevertheless, failure to comply with this same statute in proceedings filed in trial courts continues to be a common reason for those cases to be dismissed—years after the statute was made applicable to inmate filings in the trial courts.

It is now over three years after the effective date of the statutory amendments that added these requirements to actions filed in the appellate courts. The number of deficient inmate filings, nevertheless, seems to be increasing rather than decreasing. These three proceedings are examples of the problem as each suffers from the same deficiency: failure to comply with the simple requirements of the statute to file the proceeding. Maybe we were overly optimistic in our initial assessment that inmates would learn of the minimum requirement to file appellate proceedings as indigent inmates representing themselves.

Additionally, our experience in those proceedings in which a motion for rehearing was granted has confirmed the need for a more rigorous application of the statute as written and interpreted by case law. For example, a case was dismissed in October of 2013 and reinstated after a motion for rehearing was granted in March of 2014. After three months of the inmate insisting that a reporter's record be filed, and after numerous hours of court resources being expended, the Court discovered that the

inmate had requested the reporter's records for hearings held in 1988, 1989, and 1990 that were no longer available and had not requested a reporter's record from any hearing pertaining to the order at issue in the appeal. The inmate finally submitted a brief on the clerk's record alone in October of 2014, a full year after the case was originally and properly dismissed, and the case remains pending, awaiting a brief filed by the State. *See Keeter v. State*, No. 10-13-00310-CV.

Three years of education about the statutory requirements is long enough. The statute clearly authorizes this Court to summarily dismiss a proceeding that does not comply with the statute when it is filed. If the intended benefits of the statute are to be realized, we must be willing to require the inmate to comply with the statute or suffer the consequences of the failure to comply. Accordingly, we deny the motions for rehearing.


TOM GRAY
Chief Justice


Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
     (Justice Davis dissenting)
Motions denied
Order issued and filed January 22, 2015

