**Dismissed and Memorandum Opinion filed February 12, 2015.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-14-00837-CV

---

### JEFFREY K. BROOKS, Appellant

### V.

### CORRECTIONAL OFFICER GRAVES, LIEUTENANT JOHN DOE, ASSISTANT WARDEN BUTCHER, CAPTAIN MILLER, POLUNSKY UNIT OF TDCJ AND TEXAS DEPARTMENT OF CRIMINAL JUSTICE, Appellees

---

### On Appeal from the 434th Judicial District Court
### Fort Bend County, Texas
### Trial Court Cause No. 14-DCV-212897

---

## M E M O R A N D U M   O P I N I O N

Appellant Jeffrey K Brooks, an inmate incarcerated in the Jester III Unit of the Texas Department of Criminal Justice, challenges the trial court's dismissal of his civil action against appellees Correctional Officer Graves, Lieutenant John Doe, Assistant Warden Butcher, Captain Miller, Polunsky Unit Of TDCJ, and Texas Department Of Criminal Justice. Because we conclude that appellant failed

to comply with the requirements of Chapter 14 of the Texas Civil Practice and Remedies Code on appeal, we dismiss his appeal.

On July 17, 2014, the trial court dismissed appellant's case below. Appellant filed a motion for new trial on August 4, 2014 and a notice of appeal on October 17, 2014. On October 27, 2014, appellant filed an affidavit of inability to pay costs with his brief.

Chapter 14 of the Texas Civil Practice and Remedies Code governs inmate litigation when the inmate claims inability to pay costs. In its 2011 session, the Texas Legislature amended Chapter 14; the amendments to Chapter 14 became effective January 1, 2012. As amended, Chapter 14 now applies to "an action, including an appeal or original proceeding, brought by an inmate in a district, county, justice of the peace, or small claims court or an appellate court, including the supreme court or the court of criminal appeals, in which an affidavit or unsworn declaration of inability to pay costs is filed by the inmate." Tex. Civ. Prac. & Rem. Code Ann. § 14.002(a) (West, Westlaw through 3d C.S. 2013). "This means that the requirements of Chapter 14 apply when inmates file an appeal or an original proceeding in the appellate court the same as when they file actions in the district, county, and justice courts." *Douglas v. Moffett*, 418 S.W.3d 336, 339 (Tex. App.—Houston [14th Dist.] 2013, no pet.) quoting *Douglas v. Turner*, 441 S.W.3d 337, 338 (Tex. App.—Waco 2013, no pet.). *See also Hickman v. Tex. Dep't of Criminal Justice*, No. 13–12–00437–CV, 2013 WL 3770916, at *2 (Tex. App.—Corpus Christi July 18, 2013, no pet.) (mem. op.).

When an inmate litigant files an affidavit or unsworn declaration of inability to pay costs, Chapter 14 requires the inmate to file an additional affidavit or declaration setting forth specific details on all previous actions filed pro se, other than a suit brought under the Texas Family Code. Tex. Civ. Prac. & Rem. Code

2

Ann. § 14.004(a); *Moffett*, 418 S.W.3d at 339. Because the inmate's list of previous filings and trust account balance may change between the time the suit and appeal are brought, we have concluded, as other courts of appeals have, that the decisions interpreting these requirements of Chapter 14 at the trial court stage generally apply to appeals and original proceedings brought in an appellate court on or after January 1, 2012. *Moffett*, 418 S.W.3d at 340; *see also* Tex. Civ. Prac. & Rem. Code Ann. § 14.002(a); *Atkins v. Herrera*, Nos. 10–13–00283–CV, 10–13–00284–CV, 2013 WL 5526233, at * 1 (Tex. App.—Waco Oct. 3, 2013, no pet.) (mem. op.); *Weisinger v. State*, No. 12-13-00152-CV, 2013 WL 3967659, at * 1 (Tex. App.—Tyler July 31, 2013, no pet.); *Hickman*, 2013 WL 3770916, at * 2; Turner, 2013 WL 2245653, at * 2. We therefore apply the decisions cited above to determine whether appellant complied with Chapter 14.

Appellant filed his notice of appeal and an accompanying affidavit of indigence. But appellant did not file on appeal the required unsworn declaration of previous filings. Tex. Civ. Prac. & Rem. Code Ann. §§ 14.002(a) and 14.004(a).

On February 4, 2014, notification was transmitted to all parties of the court's intention to dismiss the appeal. See Tex. R. App. P. 42.3(a). Appellant filed no response.

Because the requirements of Chapter 14 of the Texas Civil Practice and Remedies Code apply to inmate proceedings in appellate courts, and appellant did not comply with those requirements on appeal, we dismiss his appeal. See *Moffett*, 418 S.W.3d at 341.

PER CURIAM

Panel consists of Justices Christopher, Donovan and Wise.

3