

# Fourth Court of Appeals
## San Antonio, Texas

February 19, 2015

No. 04-14-00922-CV

John E. **RODARTE**,
Appellant

v.

**TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICE**,
Appellee

From the 57th Judicial District Court, Bexar County, Texas
Trial Court No. 2010-CI-12625
Honorable Antonia Arteaga, Judge Presiding

## O R D E R

The trial court clerk has filed a notification of late record, stating that the appellant has failed to pay or make arrangements to pay the fee for preparing the clerk's record and that the appellant is not entitled to appeal without paying the fee.

Appellant, an inmate, has filed a "Notice of Appeal, Motion for Appellate Record, Motion for Waiving Filing Fees and Costs Pleading of Indigency," stating that he is indigent and attaching a copy of his inmate trust account. However, **appellant has not complied with Chapter 14 of the Texas Civil Practice and Remedies Code.**

Chapter 14 applies to "an action, including an appeal . . ., brought by an inmate in a district, county, justice of the peace, or small claims court or an appellate court, including the supreme court or the court of criminal appeals, in which an affidavit or unsworn declaration of inability to pay costs is filed by the inmate." TEX. CIV. PRAC. & REM. CODE ANN. § 14.002(a). Pursuant to section 14.004, an inmate who files an affidavit or unsworn declaration of inability to pay costs shall file a separate affidavit or declaration:

(1) identifying each action, other than an action under the Family Code, previously brought by the person and in which the person was not represented by an attorney, without regard to whether the person was an inmate at the time the action was brought; and
(2) describing each action that was previously brought by:
(A) stating the operative facts for which relief was sought;

(B) listing the case name, cause number, and the court in which the action was brought;

(C) identifying each party named in the action; and

(D) stating the result of the action, including whether the action or a claim that was a basis for the action was dismissed as frivolous or malicious under section 13.001 or section 14.003 or otherwise.

We ORDER appellant to comply with chapter 14 by filing the required documentation in this court on or before **March 23, 2015**. If appellant fails to respond satisfactorily within the time ordered, this appeal will be dismissed. *See* TEX. R. APP. P. 42.3; *Douglas v. Turner*, 441 S.W.3d 337 (Tex. App.—Waco 2013, no pet.) (dismissing appeal where inmate failed to comply with chapter 14 requirements in appellate court); *Douglas v. Moffett*, 418 S.W.3d 336 (Tex. App.—Houston [14th Dist.] 2013, no pet.).

_____
Karen Angelini, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 19th day of February, 2015.



_____
Keith E. Hottle
Clerk of Court