

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-15-00137-CV

_____

## IN RE BRYAN KEITH PRICE, RELATOR

Original Proceeding Arising from the 100th District Court
Collingsworth County, Texas
Trial Court No. 2880; Honorable Stuart Messer, Presiding

April 23, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

On April 6, 2015, Bryan Keith Price, an inmate proceeding *pro se,* filed his *Original Application for Writ of Mandamus* seeking to compel the Honorable Stuart Messer to rule on a motion he filed with the clerk of the 100th District Court, pertaining to his access to a previously furnished reporter's record. By letter dated April 7, 2015, this Court advised Price that the required filing fee of $145 did not accompany the filing of his application. Said letter directed him to pay the required filing fee or, in lieu thereof, file an affidavit of indigence in compliance with Rule 20.1(b) of the Texas Rules of Appellate Procedure on or before April 17, 2015. *See* TEX. R. APP. P. 12.1(b). On

April 21, 2015, Price filed with this Court an unsworn declaration of inability to pay costs, entitled *Application to Proceed In Forma Pauperis.* The declaration and application were accompanied by a statement of his Texas Department of Criminal Justice inmate account showing *de minimus* assets. Accordingly, the application and statement set forth sufficient information to establish his indigence.

However, the letter of April 7 further advised Price that chapter 14 of the Texas Civil Practices and Remedies Code requires that an inmate who files an affidavit or unsworn declaration of inability to pay costs shall also file a separate affidavit or declaration relating to previous filings. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.004 (West Supp. 2014). Said letter also directed compliance with this requirement on or before April 17, 2015. To date, Price has not complied with this requirement.

Unless a party is excused from paying a filing fee, the Clerk of this Court is required to collect filing fees set by statute or the Supreme Court when an item is presented for filing. *See* TEX. R. APP. P. 5, 12.1(b). Although the filing of a request for mandamus relief invokes this Court's jurisdiction, if a party fails to follow the prescribed rules of appellate procedure, the application may be dismissed. TEX. R. APP. P. 52.1. Furthermore, the provisions of chapter 14 of the Texas Civil Practices and Remedies Code apply to original proceedings, such as the mandamus proceeding pending before this Court. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.002. *See also In re Morris*, No. 12-14-00106-CV, 2014 Tex. App. LEXIS 4634, at *3 (Tex. App.—Tyler April 30, 2014, orig. proceeding) (mem. op.); *Douglas v. Turner*, 441 S.W.3d 337, 338 (Tex. App.—Waco 2013, no pet.) (holding inmate's failure to file affidavit of previous filings warranted dismissal of appeal). This means that Price's application for writ of mandamus is

subject to dismissal for the failure to comply with a directive from this Court requiring that he comply with section 14.004 within a specified time. TEX. R. APP. P. 42.3(c).

Because Price has failed to file an appropriate affidavit or declaration relating to previous filings within the time provided by this Court for compliance, his original proceeding is dismissed.


Patrick A. Pirtle
Justice