

# IN THE
# TENTH COURT OF APPEALS

### No. 10-15-00418-CV

**JOHNNIE PAUL RIVERS,**

                                                            **Appellant**

 **v.**

**MS. GIA M. WILLIAMS, ET AL,**

                                                            **Appellee**

**From the 278th District Court
Walker County, Texas
Trial Court No. 1527521**

## MEMORANDUM OPINION

Johnnie Paul Rivers, a prison inmate, appeals the trial court's judgment dismissing his suit against Gia M. Williams as being frivolous under Chapter 14 of the Texas Civil Practice and Remedies Code.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.002(a) (West Supp. 2014).  Chapter 14 of the Texas Civil Practice and Remedies Code, specifically including the procedural requirements, now also and independently applies to appellate court proceedings.  *Douglas v. Turner*, 441 S.W.3d 337, 338 (Tex. App.—Waco 2013, no pet.).

Section 14.004(a) requires an inmate to file an affidavit or declaration "relating to previous filings" in which the inmate must detail all previous actions filed pro se, other than a suit under the Family Code. TEX. CIV. PRAC. & REM. CODE ANN. § 14.004(a), (c) (West Supp. 2014). In addition, the inmate is required to file a certified copy of his "inmate trust account"[1] statement that "reflect[s] the balance of the account at the time the claim is filed and activity in the account during the six months preceding the date on which the claim is filed." TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.004(c) (West Supp. 2014); 14.006(f) (West 2002); *Douglas*, 441 S.W.3d at 339.

The filings required by Chapter 14 are "an essential part of the process by which courts review inmate litigation." *Douglas*, 441 S.W.3d at 339. The failure to file the affidavit or declaration "relating to previous filings" or the inmate account statement can result in immediate dismissal of the proceeding, *id.*, even if the failure to comply with Chapter 14 can be remedied. *McLean v. Livingston*, 456 S.W.3d 358, 359-60 (Tex. App.—Waco 2015, pet. filed) (op. on reh'g); *see also Anderson v. Tex. Dep't Crim. Just.*, --- S.W.3d ---, ---, 2015 Tex. App. LEXIS 2674, at *6-7 (Tex. App.—Waco Mar. 19, 2015, no pet.). Furthermore, when the inmate fails to comply with the affidavit requirement, the

---

[1] Courts and parties have frequently referred to inmate accounts as inmate "trust" accounts. The term "trust" has been removed from their statutory references. Act of 1989, 71st Leg., ch. 212, § 2.01, eff. Sept. 1, 1989, amended by Act of 1999, 76th Leg., ch. 62, § 8.10, 19.02(8), eff. Sept. 1, 1999 (current version at TEX. GOV'T CODE ANN. § 501.014 (West 2012)). They are simply inmate accounts. While there may be a custodial relationship between the Department and the inmate as to the money in the account, an issue not decided by us today, there is certainly no trustee/beneficiary relationship wherein the Department is burdened with all the duties of a trustee with regard to the inmate's money.

court may assume that the current action is substantially similar to one previously filed by the inmate and is thus frivolous. *Anderson,* 2015 Tex. App. LEXIS 2674, at *6.

In this appeal, Rivers did not file an affidavit or declaration "relating to previous filings" or a certified copy of his inmate account statement. Accordingly, we dismiss this appeal as frivolous. *Id*. at *7.[2]



TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
    (Justice Davis dissents with a note)*
Dismissed
Opinion delivered and filed December 1, 2015
[CV06]

*(Justice Davis notes that he would notify Appellant of his section 14.004 deficiency and allow him the opportunity to cure it before dismissal. *See McLean*, 456 S.W.3d at 362-63 (Davis, J., dissenting); *see also Brown v. Jones*, No. 10-15-00150-CV, 2015 Tex. App. LEXIS 4994, *2 (Tex. App.—Waco May 14, 2015, pet. filed) (Davis, J., dissenting); *Simmonds v. Corley*, No 10-15-00141-CV, 2015 Tex. App. LEXIS 4992, *2 (Tex. App.—Waco May 14, 2015, no pet.) (Davis, J., dissenting); *Anderson,* --- S.W.3d at ---, 2015 Tex. App. LEXIS 2674, *8 (Davis, J., dissenting).)

---

[2] Absent a specific exemption, the Clerk of the Court must collect filing fees at the time a document is presented for filing. TEX. R. APP. P. 12.1(b); Appendix to TEX. R. APP. P., Order Regarding Fees (Amended Aug. 28, 2007, eff. Sept. 1, 2007). See also TEX. R. APP. P. 5; 10TH TEX. APP. (WACO) LOC. R. 5; TEX. GOV'T CODE ANN. §§ 51.207(b); 51.208; § 51.941(a) (West 2013). Under these circumstances, we suspend the rule and order the Clerk to write off all unpaid filing fees in this case. TEX. R. APP. P. 2. The write-off of the fees from the accounts receivable of the Court in no way eliminates or reduces the fees owed.