COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:      Tyrone Richards v. State of Texas

Appellate case number:    01-20-00086-CV

Trial court case number:  2012-13937

Trial court:              269th District Court of Harris County

Appellant Tyrone Richards, an inmate, appears to be appealing the trial court's final judgment dated May 8, 2012.  On appeal, appellant filed an affidavit of inability to pay costs but has failed to comply with the additional requirements of Chapter 14 of the Texas Civil Practices and Remedies Code governing inmate litigation.

Section 14.004 of the Texas Civil Practice and Remedies Code provides that an inmate who files an affidavit or unsworn declaration of inability to pay costs must file an additional affidavit or declaration identifying each prior lawsuit, other than an action under the Family Code, filed by the inmate without legal representation.  TEX. CIV. PRAC. & REM. CODE § 14.004(a).  As to each prior lawsuit, the affidavit or declaration must specify the operative facts, the case name or style, the cause number, the court in which it was brought, the names of the parties, and the result of the suit.  *Id.*  If a previous action or claim was dismissed as frivolous or malicious, the affidavit or unsworn declaration of previous filings must state the date of any final judgment or order affirming the dismissal.  TEX. CIV. PRAC. & REM. CODE § 14.004(b).

Additionally, the affidavit or unsworn declaration of previous filings must be accompanied by a certified copy of the inmate's trust account statement reflecting the balance of the account at the time the appeal was filed and all account activity during the six months preceding the date the appeal was filed.  TEX. CIV. PRAC. & REM. CODE §§ 14.004(c); 14.006(f); *see Douglas v. Moffett*, 418 S.W.3d 336, 339 (Tex. App.—Houston [14th Dist.] 2013, no pet.).

Appellant has not filed an additional affidavit or declaration relating to previous filings nor has appellant filed a certified copy of his inmate trust account statement.  Unless all documents required by Chapter 14 of the Texas Civil Practices and Remedies Code are filed by **March 17, 2020**, this appeal may be dismissed without further notice.  *See Gozowski v. T.D.C.J.–I.D.*, No. 12-14-00350-CV, 2014 WL 6983246, *1 (Tex. App.—Tyler Dec. 10, 2014, no pet.); *Hickman v. Tex. Dep't of Criminal Justice*, No. 13-12-00437-CV, 2013 WL 3770916, at *2 (Tex. App.—Corpus Christi July 18, 2013, no pet.); *Douglas v. Turner*, 441 S.W.3d 337, 339 (Tex. App.—Waco May 9, 2013, no pet.).

Furthermore, the Court's records indicate that your notice of appeal on the merits of the underlying case may not have been timely filed. *See* TEX. R. APP. P. 26.1 (requiring notice of appeal to be filed within thirty days after judgment is signed or within ninety days if timely motion for new trial is filed); TEX. R. CIV. P. 329b(a) (requiring motion for new trial to be filed within thirty days after judgment is signed). Accordingly, the Court has directed me to notify you that the Court may dismiss this appeal for want of jurisdiction unless you file a written response to this notice, providing a detailed explanation, citing relevant portions of the record, statutes, rules, and case law to show that this Court has jurisdiction over the appeal. *See* TEX. R. APP. P. 42.3(a).

Any response must be filed by **March 17, 2020**. You must respond in writing even if you have previously claimed your notice of appeal was timely filed.

If a meritorious response is not received in the form described above by the deadline, the Court may dismiss the appeal for want of jurisdiction without further notice.

It is so ORDERED.

Judge's signature: _____/s/ Sherry Radack_____
                    ☒ Acting individually    ☐ Acting for the Court

Date: \_\_\_February 25, 2020\_\_\_\_\_