

**IN THE**
**TENTH COURT OF APPEALS**

_____

**No. 10-21-00098-CV**

**BRADLEY J. BARTON,**

**Appellant**

 **v.**

**BRYAN COLLIER, BOBBY LUMPKIN,**
**AND WILLIAM JONES,**

**Appellees**

_____

**From the 12th District Court**
**Madison County, Texas**
**Trial Court No. 20-16818**

**OPINION**

Appellant Bradley J. Barton, an inmate in the Texas Department of Criminal Justice-Correctional Institutions Division, filed a pro se notice of appeal in the trial court on May 3, 2021. Accompanying the notice of appeal was a declaration regarding Barton's inability to pay court costs that was completed on October 5, 2020 and that was filed when he originally filed his civil suit on October 13, 2020. An inmate account

report from TDCJ, completed on October 6, 2020, also accompanied Barton's notice of appeal.

Barton was directed on June 9, 2021 to submit the $205.00 filing fee or to submit a recent statement of inability to pay court costs in compliance with Rule 20.1(c) of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 20.1(c). Barton was advised that his statement of inability to afford payment of costs must be accompanied by an Affidavit Relating to Previous Filings that complies with § 14.004 of the Civil Practice and Remedies Code and a certified copy of his inmate account. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.004(a), (c) (all subsequent statutory references are to the Civil Practice and Remedies Code). Barton was further warned that failure to comply with the Court's request would subject his appeal to dismissal without further notice pursuant to Rule 42.3(c). *See* TEX. R. APP. P. 42.3(c).

Barton has responded to the Court's directive by filing a "Motion for Compliance with the Mandates of the Texas Rules of Appellate Procedure." Barton argues that he is not required to provide the requested documents under Rule 20.1 of the Rules of Appellate Procedure because he previously filed those documents with the trial court. *See id*. at 20.1.

Rule 145 of the Rules of Civil Procedure requires any litigant who cannot afford the payment of court costs to file a statement of inability to afford payment. Tex. R. CIV. P. 145(b). Rule 20.1(b)(1) of the Rules of Appellate Procedure provides that a party is not required to pay costs in the appellate court if such a statement was filed in the trial court or if the trial court ordered the party to pay partial costs or to pay costs in

installments. TEX. R. APP. P. 20.1(b)(1). Rules 145 and 20.1 do not supersede the additional requirements of Chapter 14 of the Civil Practice and Remedies Code that apply to inmate litigation. § 14.014 ("Notwithstanding Section 22.004, Government Code, this chapter may not be modified or repealed by a rule adopted by the supreme court."); *see also Douglas v. Moffett*, 418 S.W.3d 336, 341 (Tex. App.—Houston [14th Dist.] 2013, no pet.); *Douglas v. Turner*, 441 S.W.3d 337, 338 (Tex. App.—Waco 2013, no pet.).

Chapter 14, as amended effective January 1, 2012, requires an inmate who files an affidavit or declaration of inability to pay costs, along with a TDCJ inmate account statement, to also file an affidavit or declaration related to previous filings whenever he files a claim for relief in any court, including a court of appeals. *See* §§ 14.004(a); 14.006(f). An appellate court is unable to accurately calculate the amount of a fee that an inmate must pay under § 14.006 unless the affidavit or declaration of indigency and a certified statement regarding the balance of his account from TDCJ were prepared contemporaneously with his notice of appeal. § 14.006. Documents filed at the time the inmate initiated his suit in the trial court may have no relevance to the amount of funds accessible to the inmate at the time an appeal is filed.

Additionally, the affidavit regarding the actions previously filed by an inmate must also be updated because a particularly litigious inmate may have filed additional lawsuits or appeals prior to the filing of his present appeal. *See Douglas v. Moffett*, 418 S.W.3d at 341 (inmate required to file additional affidavit of previous filings in appellate court); *accord Douglas v. Turner*, 441 S.W.3d at 339.

As Barton was warned that this appeal was subject to dismissal in the absence of compliance with Chapter 14, no further notice is required. *See McLean v. Livingston*, 486 S.W.3d 561, 564-65 (Tex. 2016) (inmate must be given opportunity to correct Chapter 14 defects); *see also Armstrong v. Jones*, No. 14-19-00791-CV, 2020 WL 582098, at *1-2 (Tex. App.—Houston [14th Dist.] Feb. 6, 2020, no pet.) (mem. op) (inmate appeal dismissed for failure to comply with Chapter 14 after inmate notified of requirement to do so); *Harper v. Foley*, No. 07-19-00097-CV, 2019 WL 1561800, at *1 (Tex. App.—Amarillo Apr. 10, 2019, no pet.) (mem. op.) (inmate appeal for failure to comply with Chapter 14 after inmate notified of requirement to do so). Accordingly, this appeal is dismissed for failure to comply with Chapter 14 and failure to comply with a notice from the Clerk requiring a response or other action within a specified time. § 14.010; TEX. R. APP. P. 42.3(c).

Barton's Motion to Acquire Appeal Record Without Payment, Motion for Compliance with the Mandates of Texas Rules of Appellate Procedure, and Motion to Extend time to File Brief are denied.


MATT JOHNSON
Justice

Before Chief Justice Gray,
    Justice Johnson, and
    Justice Smith
Appeal dismissed; motions denied
Opinion delivered and filed November 10, 2021
[CV06]

