

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-21-00308-CV

---

IN RE REIDIE JAMES JACKSON, RELATOR

---

ORIGINAL PROCEEDING FOR WRIT OF MANDAMUS

---

February 7, 2022

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Relator Reidie James Jackson, a Texas inmate proceeding pro se, filed a petition for writ of mandamus without paying the required filing fee.[1]  By letter of December 14, 2021, we directed Jackson to pay the filing fee by December 27 or, in lieu thereof, to comply with Chapter 14 of the Civil Practice and Remedies Code by filing an affidavit of indigence, an affidavit relating to previous filings, and a certified copy of his inmate trust account statement.  *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.002(a), 14.004.

---

[1] Although Jackson has been declared a vexatious litigant subject to a prefiling order, his petition for writ of mandamus was accompanied by an order from the local administrative judge permitting its filing. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 11.101-.104.

Jackson filed a response notifying the Court that he previously filed Chapter 14 documents in the trial court to establish his inability to pay the trial court's filing fee. He asked this Court to obtain those documents from the district clerk and to treat them as sufficient to establish his indigence for the mandamus filing fee. Jackson filed the underlying action in the trial court in June 2021.

By letter of January 10, 2022, we declined Jackson's request. An inmate who seeks to proceed as indigent must file the required Chapter 14 documents each time he files an action in a trial or appellate court, including an appeal or an original proceeding. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.002; *Douglas v. Turner*, 441 S.W.3d 337, 338-39 (Tex. App.—Waco 2013, no pet.). This requirement ensures that the affidavit of indigence, affidavit of previous filings, and inmate trust account statement reflect the current legal and financial circumstances of the inmate at the time the appeal or original proceeding is filed. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.004(a) (requiring the affidavit of previous filings to identify all actions previously filed), 14.006(f) (requiring the inmate trust account statement to reflect the balance of the account at the time the action is filed and the activity in the account for six months preceding the date on which the action is filed). Jackson filed the trial court action six months before filing this original proceeding.

Thus, in our January 10 letter, we advised Jackson that the proceeding was subject to dismissal if he did not pay the filing fee or comply with Chapter 14 by January 20. To date, Jackson has not paid the filing fee, provided any of the required Chapter 14 documents, or had any further communication with this Court.

The requirement to pay the filing fee or tender an affidavit of indigence, an affidavit of previous filings, and a certified copy of an inmate trust account statement is mandatory, and the lack thereof is grounds for dismissal of an original proceeding. *In re Denson*, No. 07-20-00191-CV, 2020 Tex. App. LEXIS 6966, at *1 (Tex. App.—Amarillo Aug. 27, 2020, orig. proceeding) (per curiam) (mem. op.). Because Jackson has failed to pay the filing fee or comply with the requirements of Chapter 14 of the Civil Practice and Remedies Code within the time provided for compliance, we dismiss this original proceeding.

Per Curiam