

IN THE
TENTH COURT OF APPEALS

_____

No. 10-14-00326-CV

RONNIE ANDERSON,

Appellant

v.

TEXAS DEPARTMENT OF CRIMINAL JUSTICE,

Appellee

_____

From the 12th District Court
Walker County, Texas
Trial Court No. 26514

O P I N I O N

Ronnie Anderson, a prison inmate, appeals the trial court's order granting the Texas Department of Criminal Justice's plea to the jurisdiction. We dismiss the appeal as frivolous.

CHAPTER 14—HISTORY AND PURPOSE

In a special session in 2011, the legislature passed and the Governor signed a bill with the caption: "AN ACT relating to fiscal and other matters necessary for implementation of the judiciary budget as enacted by H.B. No. 1, Acts of the 82nd Legislature, Regular Session, 2011, and to the operation and administration of, and

practice and procedures in courts in, the judicial branch of state government." Acts 2011, 82nd Leg., 1st C.S., ch. 3 (H.B. 79), § 12.01 (effective January 1, 2012). As indicated by the caption, the bill included provisions that were designed to have an impact on the cost of operating the judicial branch. Included in that bill was a provision that clearly and specifically added proceedings filed in the appellate courts to the litigation being filed by inmates which would be summarily dismissed by the appellate court if the inmate failed to comply with the requirements of Chapter 14 of the Texas Civil Practice and Remedies Code. The bill became effective on January 1, 2012. *See* Acts 2011, 82nd Leg., 1st C.S., ch. 3 (H.B. 79), § 12.01 (effective January 1, 2012).

Specifically, the statute was amended to apply to *an action*, including *an appeal or an original proceeding*, brought by an inmate in a district, county, justice of the peace, or small claims court, *or an appellate court* in which an affidavit of indigence is also filed. TEX. CIV. PRAC. & REM. CODE ANN. § 14.002 (West 2002) (emphasis added to reflect changes). This means that the requirements of Chapter 14 apply when inmates file an appeal or an original proceeding the same as when they file actions in the district, county, and justice courts. *Douglas v. Turner*, 441 S.W.3d 337, 339 (Tex. App.—Waco 2013, no pet.).

After the change in the statute occurred but prior to its effective date, we endeavored to warn the inmate population of this statutory change. *See Altschul v. TDCJ - Inmate Trust Fund Div.*, No. 10-11-00084-CV, 2012 Tex. App. LEXIS 2025, *3 (Tex. App.—Waco Mar. 14, 2012, pet. denied) (mem. op.) ("Section 14.002 has also been

amended to make clear that such an affidavit is also required if the new action is filed in a court of appeals.").  After a period of time, we began to dismiss proceedings without notice and opportunity to cure the defect, *see Douglas v. Turner*, 441 S.W.3d 337 (Tex. App.—Waco 2013, no pet.), but later added a footnote explaining that a motion for rehearing or a petition for review could be filed and specified the timetable for doing either.  *See Reed v. Ford*, No. 10-13-00279-CV, 2013 Tex. App. LEXIS 11888 (Tex. App.—Waco Sept. 19, 2013, no pet.) (mem. op.).  During this extended time period, we would grant the motion for rehearing and reinstate the appeal if the inmate corrected the deficiency at the time the motion for rehearing was filed.  *See e.g. Atkins v. Herrera*, Nos. 10-13-00283-CV & 10-13-00284-CV, 2013 Tex. App. LEXIS 12385 (Tex. App.—Waco Oct. 3, 2013) (mem. op.) (withdrawn by order issued Feb. 6, 2014) (not designated for publication).

We took these steps during the first three years of implementing this statutory amendment to allow news of the change to be more widely disseminated within the inmate population.  Maybe we were wrong to be so lax when the purpose of the amended legislation was to prevent the expenditure of scarce judicial resources on frivolous proceedings filed by inmates, thus allowing the appellate courts to focus limited resources on proceedings that merited review, including those filed by other inmates who had fulfilled the minimal statutory requirements to file a proceeding in the appellate court.

We have expended judicial resources during this lengthy implementation period

that were not required to be expended under a straightforward application of the statute. The statute is not difficult for an inmate to comply with. These same procedures have been required in trial courts since 1995.

It is now over three years after the effective date of the statutory amendments that added these requirements to actions filed in the appellate courts. The number of deficient inmate filings, nevertheless, seems to be increasing rather than decreasing. This appeal is an example of the problem: the failure to comply with the simple requirements of the statute to file the appeal. Maybe we were overly optimistic in our initial assessment that inmates would learn of the minimum requirement to file appellate proceedings as indigent inmates representing themselves.

Three years of education about the statutory requirements is long enough. The statute clearly authorizes this Court to summarily dismiss a proceeding that does not comply with the statute when it is filed. If the intended benefits of the statute are to be realized, we must be willing to require the inmate to comply with the statute or suffer the consequences of the failure to comply.

## CHAPTER 14—APPLICATION

Chapter 14 requires the inmate to file an affidavit or declaration "relating to previous filings" in which the inmate must detail all previous actions filed pro se, other than a suit under the Family Code. TEX. CIV. PRAC. & REM. CODE ANN. § 14.004(a) (West 2002); *Amir-Sharif v. Mason*, 243 S.W.3d 854, 857 (Tex. App.—Dallas 2008, no pet.). In addition, the inmate is required to file a certified copy of his "inmate trust account

statement"[1] that "reflect[s] the balance of the account at the time the claim is filed and activity in the account during the six months preceding the date on which the claim is filed."  TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.004(c); 14.006(f) (West 2002); *Amir-Sharif*, 243 S.W.3d at 857.  The filings required under chapter 14 are "an essential part of the process by which courts review inmate litigation."  *Hickson v. Moya*, 926 S.W.2d 397, 399 (Tex. App.—Waco 1996, no writ).

The statute provides the notice of what is required by the inmate to file a new action.  The failure to file the affidavit with the required information or the inmate account statement can result in dismissal without further notice or hearing.  *Amir-Sharif*, 243 S.W.3d at 85; *Thompson v. Rodriguez*, 99 S.W.3d 328, 329-30 (Tex. App.—Texarkana 2003, no pet.); *Jackson v. Tex. Dep't of Criminal Justice*, 28 S.W.3d 811, 814 (Tex. App.—Corpus Christi 2000, pet. denied) (reviewing several cases dismissing inmate litigation for failure to comply fully with the affidavit requirement.).  Further, when an inmate fails to comply with the affidavit requirements, the trial court may assume that the current action is substantially similar to one previously filed by an inmate and thus is frivolous.  *Altschul v. TDCJ - Inmate Trust Fund Div.*, 2012 Tex. App. LEXIS 2025, *3 (Tex. App.—Waco Mar. 14, 2012, pet. denied) (mem. op.); *Bell v. Tex. Dep't of Criminal Justice*,

---

[1] Courts and parties have frequently referred to inmate accounts as inmate "trust" accounts.  The term "trust" has been removed from this statutory reference.  Act of 1989, 71st Leg., ch. 212, § 2.01, eff. Sept. 1, 1989, amended by Act of 1999, 76th Leg., ch. 62, § 8.10, 19.02(8), eff. Sept. 1, 1999 (current version at TEX. GOV'T CODE ANN. § 501.014 (West 2012)).  They are simply inmate accounts.  While there may be a custodial relationship between the Department and the inmate as to the money in the account, an issue not decided by us today, there is certainly no trustee/beneficiary relationship wherein the Department is burdened with all the duties of a trustee with regard to the inmate's money.

962 S.W.2d 156, 158 (Tex. App.—Houston [14th Dist.] 1998, pet. denied). We see no reason why this caselaw interpreting the Chapter 14 requirements as they applied to actions filed in trial courts should not also now apply to actions filed in an appellate court. *Douglas v. Turner*, 441 S.W.3d 337, 339 (Tex. App.—Waco 2013, no pet.). *See also McClure v. Tex. Dep't of Crim. Justice*, No. 10-12-00481-CV, 2014 Tex. App. LEXIS 2284 (Tex. App.—Waco Feb. 27, 2014, pet. ref'd) (memo. op.). Further, we have recently confirmed our commitment to the clear wording of the statute by denying motions for rehearing even when the inmate contends the failure to comply with Chapter 14 has been or could be remedied. *McLean v. Livingston*, No. 10-14-0091-CV, 2015 Tex. App. LEXIS 664 (Tex. App.—Waco Jan. 22, 2015) (op. on rhg).

## THIS PROCEEDING

In this action, Anderson did not file an affidavit of previous filings with his notice of appeal. Because the requirements of Chapter 14 apply to inmate proceedings in the courts of appeals, the statute and caselaw permit us to dismiss Anderson's appeal without further notice.

Not dismissing the appeal promptly due to the failure to comply with the statute also consumes additional judicial resources. The longer the appeal remains on file, the more resources it consumes. In this proceeding, Anderson has already filed four "motions." They are captioned:

1. Declaration in Support of Motion to Proceed in Forma Pauperis;

2. The Plaintiff Motion to Object to the Defendant Plea to Jurisdiction;

3.  Motion for Leave to Amend to Original Petion; and

4.  Motion for Appointment of Counsel.

None of the four motions were served and only the original was filed. These are additional issues we will have to deal with if we do not utilize the statute now to obtain the benefits thereof.

**CONCLUSION**

Because Anderson did not comply with the Chapter 14 affidavit requirement, we dismiss this appeal as frivolous. Further, any additional relief requested by Anderson is dismissed as moot.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
        (Justice Davis dissenting)
Motions dismissed as moot
Appeal dismissed as frivolous
Opinion delivered and filed March 19, 2015
[CV06]

