

# IN THE
# TENTH COURT OF APPEALS

### No. 10-23-00360-CV

**2008 CHEVROLET CORVETTE,**
**VIN#1G1YY36W585105455 AND**
**JAMES TYRON RIGGS, SR.,**

                                                                    **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                                    **Appellee**

## From the 66th District Court
## Hill County, Texas
## Trial Court No. 51223

## MEMORANDUM OPINION

James Tyron Riggs attempts to appeal the trial court's inaction on a motion for default judgment in a case allegedly styled, "2008 Chevrolet Corvette, VIN#1G1YY36W585105455 and James Tyron Riggs, Sr. v. The State of Texas."

By letter dated December 8, 2023, the Clerk of this Court notified Riggs that the appeal was subject to dismissal because it appeared there was no final, appealable order, and this Court had no jurisdiction of the appeal. *See* TEX. R. APP. P. 26.2; 44.3. In the same

letter, the Clerk warned Riggs that the appeal would be dismissed unless, within 14 days from the date of the letter, a response was filed showing grounds for continuing the appeal. More than 14 days have passed, and no response has been filed.

By a separate letter also dated December 8, 2023, the Clerk of this Court notified Riggs that, although Riggs indicated in his Docketing Statement filed on December 1, 2023, that he did not request a Clerk's Record, the appeal could not proceed without a Clerk's Record. *See* TEX. R. APP. P. 37.3 (b). In the same letter, the Clerk warned Riggs that the appeal would be dismissed for want of prosecution unless, within 21 days from the date of the letter, Riggs requested and made arrangements to pay for the Clerk's Record and simultaneously notified this Court of his actions. *Id*. More than 21 days have passed, and we have not been notified that Riggs has requested and made arrangements to pay for the Clerk's Record.

Further, by Order of the Court issued on December 8, 2023, Riggs was ordered to file an affidavit or declaration of previous filings and a certified copy of his inmate account within 21 days from the date of the order. *See* TEX. CIV. PRAC. & REM. CODE §§ 14.004(a), 14.004(c), 14.006(f); *Anderson v. Tex. Dep't of Criminal Justice*, 530 S.W.3d 150, 153 (Tex. App.—Waco 2015, no pet.). Riggs was warned that the failure to timely file these documents would result in the dismissal of his appeal without further notice and a finding that the appeal was frivolous. *See Anderson*, 530 S.W.3d at 153; *see also* TEX. R. APP. P. 42.3(c), 44.3. More than 21 days passed, and Riggs has not complied with the Chapter 14 affidavit or declaration of previous filings requirement. Accordingly, we find this appeal to be frivolous. *See Anderson*, 530 S.W.3d at 153.

For each of the foregoing reasons, this appeal is dismissed. *See* TEX. R. APP. P. 42.3(c), 44.3, and 37.3 (b).


TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Johnson, and
      Justice Smith
Appeal dismissed
Opinion delivered and filed January 11, 2024
[CV06]

