

# IN THE
# TENTH COURT OF APPEALS

### No. 10-15-00141-CV

**GORDON R. SIMMONDS,**

**Appellant**

v.

**REX A. CORLEY, ET AL,**

**Appellee**

From the 12th District Court
Walker County, Texas
Trial Court No. 23,344

## MEMORANDUM OPINION

Appellant Gordon R. Simmonds, a state-prison inmate, appeals from a summary judgment. He filed a declaration of indigence with his notice of appeal, thus triggering the application of Civil Practice and Remedies Code Chapter 14, which now applies to appeals and original proceedings. TEX. CIV. PRAC. & REM. CODE ANN. § 14.002(a) (West Supp. 2014); *Douglas v. Turner*, 441 S.W.3d 337, 338 (Tex. App.—Waco 2013, no pet.).

Section 14.004(a) requires the inmate to file an affidavit or declaration "relating to previous filings" in which the inmate must detail all previous actions filed pro se, other

than a suit under the Family Code, accompanied by a certified copy of the inmate's account statement. TEX. CIV. PRAC. & REM. CODE ANN. § 14.004(a), (c) (West Supp. 2014). The statement must "reflect the balance of the account at the time the claim is filed and activity in the account during the six months preceding the date on which the claim is filed." *Id.* § 14.006(f) (West 2002).

The filings required by chapter 14 are "an essential part of the process by which courts review inmate litigation." *Douglas*, 441 S.W.3d at 339 (quoting *Hickson v. Moya*, 926 S.W.2d 397, 399 (Tex. App.—Waco 1996, no writ)). The failure to file the affidavit or declaration "relating to previous filings" can result in dismissal without notice or hearing, *id.*, even if the failure to comply with chapter 14 can be remedied. *McLean v. Livingston*, --- S.W.3d ---, ---, 2015 WL 525150, at *1-2 (Tex. App.—Waco Jan. 22, 2015, no pet. h.; Rule 53.7(f) mot. granted) (op. on reh'g); *see also Anderson v. Tex. Dep't Crim. Just.*, --- S.W.3d ---, ---, 2015 WL 1570170, at *2 (Tex. App.—Waco Mar. 19, 2015, no pet. h.). Furthermore, when the inmate fails to comply with the affidavit requirement, the court may assume that the current action is substantially similar to one previously filed by the inmate and is thus frivolous. *Douglas*, 441 S.W.3d at 339.

In this appeal, Simmonds did not file an affidavit or declaration "relating to previous filings" or a certified copy of his inmate account statement with his notice of appeal. We thus dismiss as frivolous this appeal. *Id.* (dismissing appeal without notice).


PER CURIAM

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
     (Justice Davis dissents with a note)*
Dismissed
Opinion delivered and filed May 14, 2015
[CV06]

     *(Justice Davis notes that he would notify Simmonds of his section 14.004 deficiencies and allow him the opportunity to cure them before dismissal. *See McLean,* --- S.W.3d at ---, 2015 WL 525150, at *3-5 (Davis, J., dissenting); *see also Anderson,* --- S.W.3d at ---, 2015 WL 1570170, at *3 (Davis, J., dissenting).)

